UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Marilyn Rinehart, Administratrix of the
Estate of Robert Rinehart, deceased, *et al.*,                    Case No.  3:20-cv-102

                    Plaintiffs,

        v.

                                                                  MEMORANDUM OPINION
                                                                      AND ORDER

Wal-Mart, Inc., *et al.*,

                    Defendants.


## I.    INTRODUCTION AND BACKGROUND

On December 21, 2017, Robert and Marilyn Rinehart went shopping at the Wal-Mart store

in Wauseon, Ohio.  Robert previously had had his left leg amputated below his knee and utilized a

motorized shopping cart, manufactured by Amigo Mobility, Inc., while shopping.  (Doc. No. 1 at

14).  Robert took the cart through the parking lot to his vehicle but, when he attempted to move

from the cart to his vehicle, the cart slid out and he fell.  (*Id.*).  Robert broke his right leg and right

wrist and spent two months in a skilled nursing facility while rehabbing his injuries.

Plaintiffs[1] filed suit against Defendants Wal-Mart, Inc., Wal-Mart Real Estate Business Trust,

Natasha Lockert (the store manager of the Wauseon Wal-Mart), Amigo, State Farm Mutual

Automobile Insurance Company, and five John Doe defendants, in the Fulton County, Ohio Court

of Common Pleas, asserting various negligence claims.  They allege the cart Robert used did not

---

[1]  Regrettably, several months after filing suit, Robert passed away due to heart failure.  (Doc. No.
19).

have any instructions or warnings attached to it and that Wal-Mart had an express or *de facto* policy of permitting customers to use the carts in the parking lot despite knowing of the risks associated with using the carts outdoors.  (Doc. No. 1 at 15).

Defendants removed the case to this court.  They argue Plaintiffs named Lockert, an Ohio resident, as a defendant for the sole purpose of defeating diversity jurisdiction.  (*Id.* at 2-6).  Plaintiffs dispute this assertion and have moved for remand.  (Doc. No. 12).  Defendants Wal-Mart Inc., Wal-Mart Real Estate Business Trust, and Lockert (collectively "Defendants") filed a brief in opposition, (Doc. No. 13), and Plaintiffs filed a brief in reply.  (Doc. No. 14).  For the reasons stated below, I grant Plaintiffs' motion.

## II.  ANALYSIS

A federal court has jurisdiction over a party's state-law causes of action if the amount in controversy is greater than $75,000 and there is complete diversity – that is, if "*each* defendant is a citizen of a different State from *each* plaintiff."  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (citing 28 U.S.C. § 1332(a)(1)) (emphasis in original).

The doctrine of fraudulent joinder creates an exception to the complete-diversity requirement when a plaintiff has named as a defendant a party who is a citizen of the same state as the plaintiff – ordinarily defeating diversity jurisdiction – but where the plaintiff has no colorable cause of action against the same-state defendant.  *See, e.g., Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 432-33 (6th Cir. 2012); *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 951-52 (6th Cir. 2011).  Despite the use of the term "fraudulent," the plaintiff's actual motive for joining the non-diverse defendant is "'immaterial'" to the determination of whether diversity jurisdiction exists.  *Id.* at 951 (quoting *Jerome–Duncan, Inc. v. Auto–By–Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir.1999)).

"There can be no fraudulent joinder unless it be clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law."  *Alexander v. Elec. Data*

*Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994) (quoting *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968)).  The party who removes the case to federal court has the heavy burden of demonstrating fraudulent joinder by presenting "sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

Defendants fail to show Plaintiffs do not have a "glimmer of hope" in establishing their claims against Lockert.  *Christensen v. ATS, Inc.*, 24 F. Supp. 3d 610, 613 (E.D. Ky. 2014).

Ohio law permits a party who has been injured by the alleged negligence of an employee acting within the scope of her employment to sue the employee, the employer, or both.  *Flagg v. City of Bedford*, 218 N.E.2d 601 (Ohio 1966); *Losito v. Kruse*, 24 N.E.2d 705 (Ohio 1940).  While Defendants focus on Plaintiffs' premises-liability claims, (Doc. No. 13 at 3-4), Plaintiffs also claim Lockert individually acted negligently, by "allowing and encouraging" customers to use the motorized carts in the parking lot and by failing to ensure customers received adequate warnings that the carts should not be used outside of the store.  (Doc. No. 1 at 17-18).  These allegations are sufficient to state a colorable claim against Lockert for negligence.  *Walker*, 443 F. App'x at 955.

The magistrate judge's report and recommendation in *Duncan v. Wal-Mart Stores, Inc.* does not compel a different result.  (*See* Doc. No. 13 at 3-4).  In *Duncan*, the plaintiff slipped on a clear liquid on the floor in the home-décor department and injured her knee.  No. 2:13-cv-482, 2013 WL 6198308, at *1 (Nov. 27, 2013 S.D. Ohio).  The plaintiff sued Wal-Mart as well as the general manager of the store in which she was injured.  The magistrate judge concluded the plaintiff failed to state a colorable claim against the general manager and denied the plaintiff's motion for remand pursuant to the fraudulent-joinder doctrine.  *Id.* at *5-6.

The first difference between this case and *Duncan* is the scope of the conduct alleged.  In *Duncan*, the plaintiff sought to hold the store manager liable for failing to discover or to prohibit a

one-off condition – the liquid in an aisle in the home-décor department, where neither customers nor employees would be likely to anticipate such a condition. *Id.* at *1.  Plaintiffs, by contrast, allege the unsafe condition was the result of Lockert's tacit or explicit approval of repeated customer use of the motorized carts outside of the store. *See Ray v. Wal-Mart Stores, Inc.*, 993 N.E.2d 808, 823-24 (Ohio Ct. App. 2013) (A plaintiff may show the defendant breached a duty to warn of a hazard by showing the defendant should have known of the hazard.).

Moreover, the *Duncan* court improperly shifted the burden to the plaintiff. *Duncan*, 2013 WL 6198308, at *6 ("Although it is defendants' burden to demonstrate that a defendant has been fraudulently joined, plaintiff has not pointed to any case law demonstrating that there is an ambiguity in state law that might permit this action to proceed against [the general manager].").  It is not the plaintiff's burden to affirmatively show the plaintiff will prevail on the plaintiff's theory; instead it is the defendant's obligation to show it is "clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law." *Alexander*, 13 F.3d at 949 (quoting *Bobby Jones Garden Apartments*, 391 F.2d at 176).  Ohio law generally permits a customer to recover in tort for the actions of an employee taken within the scope of employment, and Defendants fail to identify any case law which holds a store manager could not be held liable for negligently allowing or enforcing a policy which leads to unsafe conditions.

Defendants also fail to present sufficient evidence Plaintiffs "could not" establish a factual basis for their negligence claims against Lockert. *Coyne*, 183 F.3d at 493.  The parties dispute whether Defendants adequately maintained warning signs on the motorized carts and whether the allegedly frequent use of those carts outside of the store would foreseeably cause customers to believe it was safe to operate the carts in those conditions.  Under the highly-deferential fraudulent-joinder standard – which requires that "all contested issues of substantive fact" be resolved in the plaintiff's favor – these disputes mean that Defendants have not shown that Plaintiffs could not

recover on the facts they have alleged.  *Walker*, 443 F. App'x at 954 (citation omitted) (emphasis removed).

I conclude Defendants fail to carry their heavy burden of showing Lockert was fraudulently joined.  Therefore, this Court lacks subject matter jurisdiction under § 1332(a)(1).

### III.  CONCLUSION

For the reasons stated above, I grant Plaintiffs' motion, (Doc. No. 12), and remand this case to the Fulton County Court of Common Pleas.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge